# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BRUCE BERNARD TOWNSEND, | ) | |
| Movant, | ) ) ) | |
| v. | ) | Case No. CV410-287 |
| | ) | CR498-106 |
| UNITED STATES OF AMERICA, | ) | CV410-005 |
| | ) | CV402-148 |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Bruce Bernard Townsend has filed a 28 U.S.C. § 2255 motion challenging the Court's revocation of his supervised release.[1] CR498-106 doc. 287. However, he has already fired that shot, *Townsend v. United States*, CV410-005, doc. 2 at 4 ("Townsend in substance has just filed, another § 2255 motion, albeit limited to the supervised-release judgment and sentence"); *id.* at 5-6 (denying it on the merits), *reported at* 2010 WL

---

[1] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 Rule 4(b). Therefore, this Court is preliminarily reviewing Townsend's motion. In that regard, § 2255 can be invoked to challenge a federal supervised release revocation. *Thompson v. United States*, 368 F. App'x 930, 935 (11th Cir. 2010) (reviewing on the merits a § 2255 challenge to a probation revocation); *see also United States v. Wren*, 682 F. Supp. 1237, 1241-1242 (S.D. Ga. 1988) (parole revocation).

1

2636065.² That unsuccessful § 2255 motion followed his prior unsuccessful challenges, via § 2255 and Fed. R. Civ. P. 60(b), to his underlying conviction. *Townsend v. United States*, No. CV402-148, doc. 26 (S.D. Ga. July 9, 2007) (denying his Fed. R. Civ. P. 60(b) motion "because he has unsuccessfully moved for 28 U.S.C. § 2255 relief before, doc . ## 1, 10, 16, 18, and despite the current Rule 60(b) label he now employs, he in fact is moving for § 2255 relief again, doc. 23."). Hence, Townsend's latest motion is successive within the meaning of § 2255(h).

Because movant has failed to obtain permission to file a successive petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his latest § 2255 motion to vacate, so it must be **DENIED WITHOUT PREJUDICE**. *United States v. Holt*, 417 F.3d 1172, 1175

---

² The Clerk is **DIRECTED** to file a copy of that R&R and Order and Judgment adopting same in CR498-106. Incidentally, this latest civil file (CV410-287) does *not* reference Townsend's prior § 2255 motion file, CV410-005), and neither does the core criminal case file, CR498-106. Nor did anything in the Court's docketing system alert the undersigned about that prior ruling. Only a deep drill-down inquiry (searching the docket for all "Townsend" cases) would otherwise reveal it. This chaotic, multi-file process obviously steps up the risk of error, as prior § 2255 motions/files may be forgotten or overlooked, hampering efforts to screen out successive motions. It thus would assist judicial review if the Court's docketing software was altered to at least "red flag" a movant's prior cases. Too, the Court's habeas and § 2255 forms should require such litigants to list all known case files. Townsend, by omitting such information, obviously would benefit by a merits-based review, rather than a successiveness-based denial. Nothing required him to acknowledge CV410-005 when filing his latest § 2255 motion.

2

(11th Cir. 2005); see also Williams v. United States, 2010 WL 2179519 at * 1-2 (S.D. Ga. May 10, 2010) (explaining successive-motion procedures).

Applying the Certificate of Appealability ("COA") standards set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 17th day of December, 2010.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA**