# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

BRUCE BERNARD TOWNSEND,      )
     )
     Movant,      )
     )
v.      )      Case No. CV410-287
     )                CR498-106
UNITED STATES OF AMERICA,      )
     )
     Respondent.      )

## <u>REPORT AND RECOMMENDATION</u>

Bruce Bernard Townsend has filed a 28 U.S.C. § 2255 motion challenging this Court's revocation of his supervised release.[1] CR498-106, doc. 807.[2] The government moved to dismiss on the merits. Doc. 827. However, the Court directed it to brief Townsend's response-brief claim that he had wanted to directly appeal his revocation but his attorney, Julian H. Toporek, failed to do so:

The failure of counsel to consult on whether to take a direct appeal

---

[1] Supervised release revocation rulings may be appealed, *Burnett v. United States*, 2012 WL 1022162 at * 1 n. 1 (7th Cir. Mar. 28, 2012); *United States v. Barnes*, 405 F. App'x 389, 389 (11th Cir. 2010), and challenged under § 2255. *Burnett*, 2012 WL 1022162 at * 1 n. 1.

[2] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper-document's printed pagination.

of such a revocation supplies grounds for relief. *Burnett v. United States*, 2012 WL 1022162 at * 6 (7th Cir. Mar. 28, 2012) ("Because counsel rendered ineffective assistance by failing to consult with Burnett about filing an appeal, the district court's judgment is REVERSED and the case is REMANDED for the entry of an order granting Burnett's motion, and reinstating his time to file an appeal from the revocation of his supervised release.") (applying *Roe v. Flores–Ortega*, 528 U.S. 470, 479 (2000)). There is no indication in the record whether Townsend's revocation lawyer, Julian H. Toporek, doc. 788, ever consulted with him on that score. Within 21 days of the date this Order is served, the government shall address this issue.

Doc. 835, *reported at* 2012 WL 1656976 (footnotes omitted).

In response, the government -- citing Toporek's sworn concession that he failed to "consult" with Townsend as required by *Flores-Orgega*-- concedes that he is entitled to an appeal. [3] Doc. 838 at 2-3. Furthermore, and in response to this Court's mootness inquiry,[4] it states: "This matter is not yet moot. According to the U.S. Bureau of Prisons, Townsend's projected date of release from prison is July 16, 2012." *Id.* at 3.

---

[3] As this Court just explained in *Young v. United States*, CV411-175 doc. 7 (S.D. Ga. May 7, 2012), this issue can be avoided by the simple use of a prepared form that court clerks and even prosecutors should ensure that defense counsel timely receive. *Id.* at 2 n. 3.

[4] The Court also directed the government to consider mootness because it was unclear when Townsend would be released. 2012 WL 1656976 at 1 (citing *United States v. Rowley*, 2012 WL 1521813 *1 (8th Cir. May 2, 2012) ("Roger Allan Rowley appeals the sentence imposed on him after the district court revoked his supervised release in November 2008. The appeal is moot because Rowley was released from custody and fully discharged his sentence in October 2011.") (footnote omitted)).

In fact, the matter is effectively moot if the practical realities of the appellate process are considered. Even if this Court facilitated an immediate appeal, it almost certainly would take the Eleventh Circuit beyond July 16, 2012 to resolve it. And in the meantime, the taxpayers would be out thousands of dollars because Townsend is indigent and would be entitled to appointment of new counsel on appeal. Hence, this matter is **DEFERRED** to the district (and sentencing) judge for plenary review.

**SO REPORTED AND RECOMMENDATION**, this 1st day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA